**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

Mobile Data Offloading, Inc.,

      Plaintiff,

   v.

Amdocs, Inc.,

      Defendant.

Case No. 1:17-cv-07106

**JURY DEMANDED**

## COMPLAINT

Plaintiff Mobile Data Offloading, Inc. ("MDO"), complains of the Amdocs Defendant ("Amdocs") as follows:

### JURISDICTION AND VENUE

1. Title 28 of the United States Code Section 1338(a) confers subject matter jurisdiction on this Court because Defendant has infringed Plaintiff's patent. The Patent Act of 1952, as amended, 35 U.S.C. § 271, *et seq.*, makes patent infringement actionable through a private cause of action.

2. Defendant has transacted business in the State of Illinois, and in this judicial district by making, using, selling, or offering to sell and providing technology and services that infringe MDO's patent. By way of example only, Defendant's Smart Net Solution implements the Access Network Discovery and Selection Function (ANDSF), a 3GPP-specified network element that assists user equipment (UE) such as mobile computers and telephones in the discovery and selection of both 3rd Generation Partnership Project (3GPP) and non-3GPPP access networks (Wi-Fi access points, for example) and fits with existing packet core infrastructures. Specifically, Defendant's Smart Net Solution enables a portable wireless device to independently connect to an available wireless network based on information regarding the available wireless network.

3.     Venue is proper in the Northern District of Illinois under the general federal statute, 28 U.S.C. § 1391(c)(2) and 28 U.S.C. § 1391(d), in part because Defendant has and maintains an office in Chicago, Illinois, specifically at 8420 West Bryn Mawr Avenue, Suite 280, Chicago, IL 60631.

PARTIES

4.     MDO is a Delaware corporation with its principal place of business at 600 Anton Blvd. Suite 1350, Costa Mesa, California 92626. MDO is a subsidiary of Wi-LAN Technologies Inc. MDO is the assignee and owns all right, title and interest in and has standing to sue for infringement of U.S. Patent No. 9,532,267 ("the '267 Patent"). The predecessor owner and assignee is MLR, LLC. The '267 Patent is attached as Exhibit A.

5.     Defendant Amdocs, Inc. is a multinational corporation with its principal place of business at 1390 Timberlake Manor Parkway, Chesterfield, MO, 63017, USA. Defendant makes, uses, sells, offers for sale and/or imports into the United States, and has made, used, sold, offered for sale, and/or imported into the United States ANDSF server products that infringe the '267 Patent.

BACKGROUND

6.     MDO owns patents that cover commercially significant technologies related to mobile data offloading. The '267 Patent, for example, covers a wireless, multi-modal access device and system adapted to integrate a number of communications networks operating in different communication modes to facilitate transfer of communication links during a communication session to promote efficient use of the communication links. A universal system traffic controller, or "network device," as described by the '267 Patent, facilitates the connection between mobile devices and various communications networks.

7.      Defendant is selling and has sold ANDSF server products (in particular, the Smart Net Solution) to service providers in the United States. Sales literature indicates that Defendant's "Smart Net Solution" provides "seamless offload and onload between Wi-Fi, 3G and 4G networks with an advanced policy rules engine for smart real-time network selection for subscribers, based on multiple parameters configured to fit operators' strategies." Amdocs has offered and sold, and continues to offer and sell, its ANDSF server products to many wireless network service providers.

## PATENT INFRINGEMENT

8.      Defendant has infringed and continues to infringe at least claims 1-4, 7-14, 17-24, and 27-30 of the '267 Patent, among others, in violation of 35 U.S.C. § 271 through, among other activities, making, using, offering to sell, and/or selling the Smart Net Solution ANDSF server product.

9.      Defendant's infringing technology and products include without limitation the Smart Net Solution, which implements ANDSF to facilitate mobile data offloading between wireless networks. Defendant's infringement may include additional products and technologies (to be determined in discovery) marketed or used by Defendant.

## CLAIM 1

10.      Defendant infringes Claim 1. Its preamble states "a network device, comprising..." This is the preamble of the claim, and not necessarily a limitation that needs to be satisfied to show infringement. Generally speaking, however, Defendant's Smart Net Solution, which implements ANDSF, is a network device configured to wirelessly transmit and receive information comprising a receiver, a processor and a transmitter. The purpose of Defendant's Smart Net ANDSF server product is to assist user equipment to discover non-3GPP access networks – such as Wi-Fi – that can be used for data communications in addition to 3GPP access

3

networks (such as HSPA or LTE) and to provide the UE with rules and/or policies for policing the connection to these networks. Many service providers deploy or plan to deploy ANDSF server products including Defendant's Smart Net Solution.

11.     The Smart Net Solution enables UE and wireless-network interoperability through its Smart Net ANDSF server. As indicated in Defendant's Smart Net Solution marketing brochure the Smart Net Solution is standards-based in that the ANDSF server is a 3GPP-specified element that assists user equipment in the discovery and selection of both 3GPP and non-3GPP access networks (Wi-Fi access points, for example) and fits with existing packet core infrastructures. The Smart Net Solution utilizes ANDSF and what it calls "smart Wi-Fi and 3G/4G balancing" to distribute subscriber sessions across multiple network resources, utilizing real-time information and historical analytics.

12.     The specific architecture for the Smart Net Solution is depicted below, in Figure 1: Amdocs Smart Net Solution components:



As shown in Figure 1, the solution components comprise an ANDSF/S14 interface, and an Amdocs Smart Net Access Controller. As indicated in the brochure, the Amdocs Smart Net Access Controller provides a 3GPP standards-based ANDSF server to interface with ANDSF clients; Amdocs Smart Net supports a number of basic and advanced pre-tested use cases for improved time to market and fast deployment advantage, including discovery of network

elements (Wi-Fi access points) and authentication mechanisms, and intelligent network selection based on quota consumption, subscriber profile, time of day, location, real-time QoE monitoring, network costs and segmentation (powered by Amdocs base station subsystem (BSS) systems). Amdocs marketing brochure also illustrates an exemplary deployment scenario, in Figure 3, depicting the Smart Net Access Controller, shown below:



The marketing brochure further indicates Smart Net Solution's system specifications, which include ANDSF:

System Specifications

[…]

- **3GPP & OMA**
  - 3GPP TS 24.312 v12.2.0 – 2013 (ANDSF)
  - OMA DM v1.2.1 support for message types and objects, and for authentication (OMA DM Bootstrap)

13.     Generally, the architecture implemented by ANDSF is described in the Technical Specification for the 3GPP Architecture enhancements for non-3GPP accesses.

14.     Section 4.1.1 of TS 24.312 indicates that "[t]he ANDSF may initiate the provision of information from the ANDSF to the UE as specified in 3GPP TS 24.302 [3AA]." (hereinafter "TS 24.302"). Section 6.8.1 of TS 24.302 indicates that "to assist the UE with performing access network discovery and selection, ANDSF provides a set of information to the UE. This

information contains the access network discovery and selection information to assist the UE with selecting the access network or the inter-system mobility policy to control and assist the UE with performing the inter-system change or both." Further, section 6.8.1 of TS 24.302 indicates "[t]his set of information can either be provisioned in the UE by the home operator, or provided to the UE by the ANDSF over the S14 reference point via pull or push mechanisms as defined in 3GPP TS 23.402 [6] by means of the access network discovery and selection procedures as described in subclause 6.8.2."

15.     The architecture for ANDSF, which Amdocs uses, is described in Section 4.8.1 of 3GPP TS 23.402, version 9.13.0 (2014-06), and is shown as Figure 4.8.1.1-1 and Figure 4.8.1.1-2 (both figures shown below):

### 4.8.1     Architecture for Access Network Discovery Support Functions

The following architecture may be used for access network discovery and selection. The support and the use of these functions and interfaces are optional.



**Figure 4.8.1.1-1: Non-Roaming Architecture for Access Network Discovery Support Functions**



**Figure 4.8.1.1-2: Roaming Architecture for Access Network Discovery Support Functions**

As indicated in TS 23.402, in Section 4.8.1, the network device is the network element called the Access Network Discovery and Selection Function  (ANDSF), both home (H-ANDSF) and visited (V-ANDSF). An ANDSF element located in the home Public Land Mobile Network (PLMN) of a user equipment (UE) device is referred to as the Home-ANDSF (H-ANDSF) for the UE, whereas

an ANDSF element located in the visited PLMN of a UE is referred to as the Visited-ANDSF (V-ANDSF) for the UE.

16.     The first limitation of claim 1 states "a receiver configured to receive, via a wireless network to which a portable wireless device is currently connected, information regarding a geographic location of the portable wireless device."

17.     Defendant's Smart Net Solution meets this limitation. The architecture for ANDSF is shown below:

### 4.8.1     Architecture for Access Network Discovery Support Functions

The following architecture may be used for access network discovery and selection. The support and the use of these functions and interfaces are optional.



**Figure 4.8.1.1-1: Non-Roaming Architecture for Access Network Discovery Support Functions**

The H-ANDSF has a receiver. The portable wireless device is the UE. In the figure above, the UE would be currently connected to a wireless network, namely 3GPP IP Access or Trusted/Untrusted Non-3GPP IP Access. The diagram shows that the H-ANDSF is in communication (*via* S14 interface) with the UE that is connected to a wireless network. Figure 8.5.1-1 of TS 23.402, shown below, depicts handover between 3GPP access and trusted/untrusted non-3GPP IP Access with Access Network Discovery and Selection.



**8.5 Handover with Access Network Discovery and Selection**

**8.5.1 Handover between 3GPP Access and Trusted / Untrusted Non-3GPP IP Access with access network discovery and selection**

The figure below shows the main steps involved in a handover between a 3GPP access and a non-3GPP IP access (also called an inter-system handover) when network discovery and selection information is provided by the network (see clause 4.8). This information is provided in order to control the UE's inter-system handover decisions and in order to reduce the battery consumption for inter-system mobility.

**Figure 8.5.1-1: Handover between 3GPP Access and trusted / untrusted non-3GPP IP Access with Access Network Discovery and Selection**

Figure 8.5.1-1 shows that the ANDSF contains a receiver. As TS 23.402 indicates in Section 8.5.1, "[t]he UE is connected with a source access network (either a 3GPP access or a trusted / untrusted non-3GPP IP access" and "[t]he UE sends an Access Network Info Request (UE Capabilities, UE Location) message to the H-ANDSF (in the non-roaming and roaming case) and the V-ANDSF (in the roaming case)." Further, "[i]f the UE Location is available in the UE, it should be included in the message to indicate the UE's current location, e.g. for the 3GPP access, Cell ID, TAI, and/or GPS (if available)."

18. The second limitation of claim 1 states "a processor configured to generate information regarding at least one available wireless network based on at least the received geographic location of the portable wireless device."

19. Defendant's Smart Net Solution meets this limitation. Figure 8.5.1-1 of TS 23.402, shown again below, depicts handover between 3GPP access and trusted /untrusted non-3GPP IP Access with Access Network Discovery and Selection.

8



**8.5 Handover with Access Network Discovery and Selection**

**8.5.1 Handover between 3GPP Access and Trusted / Untrusted Non-3GPP IP Access with access network discovery and selection**

The figure below shows the main steps involved in a handover between a 3GPP access and a non-3GPP IP access (also called an inter-system handover) when network discovery and selection information is provided by the network (see clause 4.8). This information is provided in order to control the UE's inter-system handover decisions and in order to reduce the battery consumption for inter-system mobility.

Figure 8.5.1-1: Handover between 3GPP Access and trusted / untrusted non-3GPP IP Access with Access Network Discovery and Selection

The ANDSF contains a processor that creates an Access Network Info Response. As TS 23.402 indicates in Section 8.5.1, "[t]he ANDSF responds with an Access Network Info Response (Available Access Network Info, Updated Inter-system Mobility Policies) message to the UE. The Available Access Networks Info contains a list of access networks that are available in the vicinity of UE."

20.     The third and final limitation of claim 1 states "a transmitter configured to transmit the information regarding the at least one available wireless network, to the portable wireless device via the wireless network to which the portable wireless device is currently connected, to enable the portable wireless device to independently connect to an available wireless network based on the information regarding the at least one available wireless network."

21.     Defendant's Smart Net Solution meets this limitation. Figure 8.5.1-1 of TS 23.402, shown again below, depicts handover between 3GPP access and trusted /untrusted non-3GPP IP Access with Access Network Discovery and Selection.



**8.5     Handover with Access Network Discovery and Selection**

**8.5.1     Handover between 3GPP Access and Trusted / Untrusted Non-3GPP IP Access with access network discovery and selection**

The figure below shows the main steps involved in a handover between a 3GPP access and a non-3GPP access (also called an inter-system handover) when network discovery and selection information is provided by the network (see clause 4.8). This information is provided in order to control the UE's inter-system handover decisions and in order to reduce the battery consumption for inter-system mobility.

Figure 8.5.1-1: Handover between 3GPP Access and trusted / untrusted non-3GPP IP Access with Access Network Discovery and Selection

The ANDSF contains a transmitter that transmits an Access Network Info Response *via* the wireless network to the UE. As TS 23.402 indicates in Section 8.5.1, page 158, "[t]he UE is connected with a source access network (either a 3GPP access or a trusted / untrusted non-3GPP IP access." TS 23.402 further indicates in Section 8.5.1 that "[t]he ANDSF responds with an Access Network Info Response (Available Access Network Info, Updated Inter-system Mobility Policies) message to the UE. The Available Access Networks Info contains a list of access networks that are available in the vicinity of UE."

22.     Figure 8.5.1-1 shown again below, demonstrates the functionality of the UE.

## 8.5 Handover with Access Network Discovery and Selection

### 8.5.1 Handover between 3GPP Access and Trusted / Untrusted Non-3GPP IP Access with access network discovery and selection

The figure below shows the main steps involved in a handover between a 3GPP access and a non-3GPP IP access (also called an inter-system handover) when network discovery and selection information is provided by the network (see clause 4.8). This information is provided in order to control the UE's inter-system handover decisions and in order to reduce the battery consumption for inter-system mobility.



**Figure 8.5.1-1: Handover between 3GPP Access and trusted / untrusted non-3GPP IP Access with Access Network Discovery and Selection**

As shown in Figure 8.5.1-1, the UE independently makes the access network selection and handover decision and then initiates the intersystem handover. As TS 23.402, Section 8.5.1 indicates, "4. The ANDSF responds with an Access Network Info Response (Available Access Network Info, Updated Inter-system Mobility Policies) message to the UE. The Available Access Networks Info contains a list of access networks that are available in the vicinity of UE... These rules / preferences may indicate a preference value for an available access network and help the UE select an available access network that is more preferable to the current access network." TS 23.402 in Section 8.5.1 indicates "[t]he UE selects the most preferable available access network for inter-system mobility based on the inter-system mobility policies and user preferences." And "If the UE selects a preferable access network for handover, then the UE initiates handover to the selected access network..."

CLAIM 2

23. As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 1. Claim 2 is a dependent claim based on Claim 1. The further limitation of Claim 2 states "[t]he network device of claim 1, wherein the processor is configured to generate the information regarding at least one available wireless network further based on a capability of the portable wireless device to operate in the at least one available wireless network."

24. Defendant's Smart Net Solution meets this limitation. As TS 23.402 indicates in Section 8.5.1, the processor of the ANDSF is configured so that it "responds with . . . Available Access Network Info[rmation, including] . . . a list of access networks that are available in the vicinity of UE." It further provides that if the user equipment provides information about UE connection capabilities, which it calls "access technology types," then the ANDSF Server generates information "about neighbour access network with the requested access technology types is included."

CLAIM 3

25. As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 1. Claim 3 is a dependent claim based on Claim 1. The further limitation of Claim 3 states "[t]he network device of claim 1, wherein the processor is configured to generate the information regarding the at least one available wireless network further based on at least one of: . . . a suitability of a wireless network to provide a desired service to the portable wireless device."

26. Defendant's Smart Net Solution meets this limitation. As TS 23.402 indicates in Section 8.5.1, when user equipment sends information regarding its "capabilities . . . pertaining to access network discovery, such as the access technology types that can be supported," the processor of the ANDSF is configured so that it "responds with . . . Available Access Network Info[rmation, including] . . . a list of access networks that are available in the vicinity of the UE"

It further states that "[if] the UE included one or more access technology types" in its information request," then the server will respond with information about nearby access networks with the requested access technology types included.

CLAIM 4

27.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 3. Claim 4 is a dependent claim based on Claim 3. The further limitation of Claim 3 states "[t]he network device of claim 3, wherein the suitability of a wireless network to provide a desired service to the portable wireless device includes at least one of: . . . communication protocol."

28.     Defendant's Smart Net Solution meets this limitation. Within the Smart Net Solution, user equipment sends information regarding the "technology types" it can access and in response the Amdocs' Smart Net Solution ANDSF server responds by identifying suitable wireless networks based on the "technology types," including the type of communications protocol of the network suitable to the UE. Section 8.5.1.

CLAIM 7

29.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 1. Claim 7 is a dependent claim based on Claim 1. The further limitation of Claim 7 states "[t]he network device of claim 1, wherein the at least one available wireless network is of a different air interface type as the wireless network to which the portable wireless device is currently connected."

30.     Defendant's Smart Net Solution meets this limitation. As part of the exchange of information between the user equipment and the Smart Net Solution ANDSF server, the server identifies networks that are "more preferable to the current access network," Section 8.5.1. Amdocs' Smart Net Solution enables the UE to move between, among others, Wi-Fi and 4G which are different air interface types.

CLAIM 8

31.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 1. Claim 8 is a dependent claim based on Claim 1. The further limitation of Claim 8 states "[t]he network device of claim 1, wherein the processor is further configured to generate second information to enable the portable wireless device to independently select an appropriate available wireless network."

32.     Defendant's Smart Net Solution meets this limitation. As TS 23.402 indicates in Section 8.5.1, as part of the exchange of information between the user equipment and the Smart Net Solution ANDSF server, the server sends second information, namely, "Inter-system Mobility Policies" to the UE, which may be included to "update / install operator defined rules / preferences in the UE." This second information "help[s] the UE select an available access network that is more preferable to the current access network." "The UE selects the most preferable available access network for inter-system mobility based on the inter-system mobility policies and user preferences." Finally, "[i]f the UE selects a preferable access network for handover, then the UE initiates handover to the selected access network..."

CLAIM 9

33.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 8. Claim 9 is a dependent claim based on Claim 8. The further limitation of Claim 9 states "[t]he network device of claim 8, wherein the second information further enables the portable wireless device to independently select a most preferable available wireless network."

34.     Defendant's Smart Net Solution meets this limitation. As TS 23.402 indicates in Section 8.5.1, "[t]he UE powers up its appropriate radio interface(s) (if needed) and measures the available access networks for which inter-system mobility is allowed, as indicated by the updated / current inter-system mobility policies. The UE selects the most preferable available access

network for inter-system mobility based on the inter-system mobility policies and user preferences."

CLAIM 10

35.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 8. Claim 10 is a dependent claim based on Claim 8. The further limitation of Claim 10 states "[t]he network device of claim 8, wherein selection of an appropriate wireless network by the portable wireless device results in a more efficient use of radio spectrum."

36.     Defendant's Smart Net Solution meets this limitation. As TS 23.402 indicates in Section 8.5.1, the information exchange between the UE and the Defendant's ANDSF server includes information regarding inter-system mobility policies, which policy "identifies which access technology type or which specific access network is mostly preferable for EPC access, . . . [indicating] [i]f a specific access technology type is preferable to another (e.g. WiMAX is preferable to WLAN)" to make more efficient use of radio spectrum.

37.     The Defendant's Smart Net ANDSF server solution touts among its features "Intelligent offload" which facilitates offloading "based on a broad range of intelligence – such as . . . data usage and network conditions" and "distribute[s] subscriber sessions across multiple network resources, utilizing real-time information and historical analytics," *i.e.*, in a more efficient use of radio spectrum.

CLAIM 11

38.     Claim 11 is an independent method claim comprising three steps. The first step of claim 1 states "[a] method for use in a network device, the method comprising: receiving, via a wireless network to which a portable wireless device is currently connected, information regarding a geographic location of the portable wireless device..."

15

39.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 17.

40.     The second step of Claim 11 states "generating information regarding at least one available wireless network based on at least the received geographic location of the portable wireless device."

41.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 19.

42.     The third step of Claim 11 states "transmitting the information regarding the at least one available wireless network, to the portable wireless device via the wireless network to which the portable wireless device is currently connected, to enable the portable wireless device to independently connect to an available wireless network based on the information regarding the at least one available wireless network."

43.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraphs 21 and 22.

CLAIM 12

44.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 11. Claim 12 is a dependent claim based on Claim 11. The further limitation of Claim 12 states "[t]he method of claim 11, wherein the information regarding the at least one available wireless network is generated further based on a capability of the portable wireless device to operate in the at least one available wireless network."

45.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 24.

CLAIM 13

46.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 11. Claim 13 is a dependent claim based on Claim 11. The further limitation of Claim 13 states "[t]he method of claim 11, wherein the information regarding the at least one available wireless network is generated further based on at least one of: …. a suitability of a wireless network to provide a desired service to the portable wireless device."

47.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 26.

CLAIM 14

48.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 13. Claim 14 is a dependent claim based on Claim 13. The further limitation of Claim 14 states "[t]The method of claim 13, wherein the suitability of a wireless network to provide a desired service to the portable wireless device includes at least one of: … communication protocol, radio spectrum, or likelihood of network interruption."

49.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 28.

CLAIM 17

50.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 11. Claim 17 is a dependent claim based on Claim 11. The further limitation of Claim 17 states "[t]he method of claim 11, wherein the at least one available wireless network is of a different air interface type as the wireless network to which the portable wireless device is currently connected."

51.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 30.

CLAIM 18

52.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 11. Claim 18 is a dependent claim based on Claim 11. The further limitation of Claim 18 states "[t]he method of claim 11, further comprising: generating second information to enable the portable wireless device to independently select an appropriate available wireless network; and transmitting the second information to the portable wireless device, via the wireless network to which the portable wireless device is currently connected."

53.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 32

CLAIM 19

54.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 18. Claim 19 is a dependent claim based on Claim 18. The further limitation of Claim 19 states "[t]he method of claim 18, wherein the second information further enables the portable wireless device to independently select a most preferable available wireless network."

55.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 34.

CLAIM 20

56.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 18. Claim 20 is a dependent claim based on Claim 18. The further limitation of Claim 20 states "[t]he method of claim 18, wherein selection of an appropriate wireless network by the portable wireless device results in a more efficient use of radio spectrum."

57.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraphs 36 and 37.

CLAIM 21

58.     The first element of independent Claim 21 states "[a] non-transitory computer readable storage medium storing a set of instructions, the set of instructions comprising: first instructions for receiving, via a wireless network to which a portable wireless device is currently connected, information regarding a geographic location of the portable wireless device..."

59.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 17.

60.     The second element of Claim 21 states "instructions for generating information regarding at least one available wireless network based on at least the received geographic location of the portable wireless device."

61.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 19.

62.     The third element of Claim 21 states "instructions for transmitting the information regarding the at least one available wireless network, to the portable wireless device via the wireless network to which the portable wireless device is currently connected, to enable the portable wireless device to independently connect to an available wireless network based on the information regarding the at least one available wireless network."

63.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraphs 21 and 22.

CLAIM 22

64.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 21. Claim 22 is a dependent claim based on Claim 21. The further limitation of Claim 22 states "[t]he non-transitory computer readable storage medium of claim 21, wherein the information

regarding the at least one available wireless network is generated further based on a capability of the portable wireless device to operate in the at least one available wireless network."

65.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 24.

## CLAIM 23

66.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 21. Claim 23 is a dependent claim based on Claim 21. The further limitation of Claim 23 states "[t]he non-transitory computer readable storage medium of claim 21, wherein the information regarding the at least one available wireless network is generated further based on at least one of: … a suitability of a wireless network to provide a desired service to the portable wireless device."

67.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 26.

## CLAIM 24

68.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 23 are present. Claim 24 is a dependent claim based on Claim 23. The further limitation of Claim 24 states "[t]he non-transitory computer readable storage medium of claim 23, wherein the suitability of a wireless network to provide a desired service to the portable wireless device includes at least one of: … communication protocol, radio spectrum, or likelihood of network interruption."

69.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 28.

## CLAIM 27

70.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 21. Claim 27 is a dependent claim based on Claim 21. The further limitation of Claim 27 states

"[t]he non-transitory computer readable storage medium of claim 21, wherein the at least one available wireless network is of a different air interface type as the wireless network to which the portable wireless device is currently connected."

71.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 30.

CLAIM 28

72.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 21. Claim 28 is a dependent claim based on Claim 21. The further limitation of Claim 28 states "[t]he non-transitory computer readable storage medium of claim 21, further comprising: fourth instructions for generating second information to enable the portable wireless device to independently select an appropriate available wireless network; and fifth instructions for transmitting the second information to the portable wireless device, via the wireless network to which the portable wireless device is currently connected."

73.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 32.

CLAIM 29

74.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 28. Claim 29 is a dependent claim based on Claim 28. The further limitation of Claim 29 states "[t]he non-transitory computer readable storage medium of claim 28, wherein the second information further enables the portable wireless device to independently select a most preferable available wireless network."

75.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraph 34.

CLAIM 30

76.     As set forth above, Amdocs' Smart Net Solution meets the elements of Claim 28. Claim 30 is a dependent claim based on Claim 28. The further limitation of Claim 30 states "[t]he non-transitory computer readable storage medium of claim 28, wherein selection of an appropriate wireless network by the portable wireless device results in a more efficient use of radio spectrum."

77.     Defendant's Smart Net Solution meets this limitation as set forth above in paragraphs 36 and 37.

INDIRECT IN FRINGEMENT – INDUCING DIRECT INFRINGMENT

78.     Plaintiff MDO incorporates by reference paragraphs 6 through 77 as if fully set forth in this paragraph.

79.     Defendant also infringes the MDO Patents indirectly through acts of inducement.

80.     Amdocs' customers directly infringe the claims of the '267 Patent.

81.     Amdocs knew of the '267 Patent at least as early as the filing of this complaint and has instructed and continues to instruct its customers how to use the Amdocs Smart Net server products in an infringing manner after knowing of the '267 Patent and being aware of the infringement.

82.     When used by Amdocs' customers for the specific purpose intended by Amdocs and in a manner promoted by Amdocs, the Smart Net server products infringe the '267 Patents.

83.     Defendant knew and/or knows that these customer acts constituted infringement, and induced that infringement by encouraging use in its intended and infringing manner.

84.     Defendant has sold and/or sells its Smart Net server products, knowing of the '267 Patent, knowing that its customers use the Smart Net server products in a manner that

infringes the '267 Patent and specifically intending that its customers use the Smart Net server products in a manner that infringes the '267 Patent.

85.     Defendant's inducement of its customer's infringement has injured MDO, which is therefore entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

INDIRECT INFRINGEMENT – CONTRIBUTING TO DIRECT<br>INFRINGEMENT

86.     Plaintiff MDO incorporates by reference paragraphs 6 through 77 as if fully set forth in this paragraph.

87.     Amdocs' customers directly infringe the aforementioned claims of the '267 Patent. At least as of the filing of this Complaint, Amdocs had knowledge of both the patent and direct infringement of that patent by its customers, which Amdocs sold and offered for sale, and which is an integral and material component of the infringement detailed above.

88.     The Amdocs Smart Net server products are not a "staple article of commerce" in that they are not capable of substantial non-infringing use.

89.     Amdocs knows and knew, at least as of the time of the filing of this Complaint, that its Smart Net server products were especially made or adapted for use in a way that infringes the claims of the '267 Patent.

90.     Defendant's contributory infringement has injured MDO, which is therefore entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

REQUEST FOR RELIEF

91.     As a direct and proximate consequence of Defendant's infringement, MDO has been injured in its business and property rights, and has suffered injury and damages for which it

is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

92. Defendant's infringement will continue to injure MDO, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale and/or offer for sale of products that come within the scope of the '267 Patent.

THEREFORE, MDO asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A. An award of damages adequate to compensate MDO for the infringement that has occurred, together with pre-judgment interest from the date infringement began and post-judgment interest;

B. All other damages permitted by 35 U.S.C. § 284; and

C. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MDO demands a trial by jury on all issues presented that can properly be tried by a jury.

Dated: September 29, 2017        Respectfully submitted,

/s/ William W. Flachsbart
William W. Flachsbart (wwf@fg-law.com)
Michael R. La Porte (mrl@fg-law.com)
Flachsbart & Greenspoon, LLC
333 N. Michigan Ave. Ste. 2700
Chicago, IL 60601
(312) 551-9500 (phone)
(312) 551-9501 (fax)

**Attorneys for Plaintiff**
**Mobile Data Offloading, Inc.**

24